**O**

# United States District Court
# Central District of California

CALIFORNIA BRAIN INSTITUTE,

    Plaintiff,

  v.

UNITED HEALTHCARE SERVICES, INC. et al.,

    Defendants.

Case № 2:23-cv-06071-ODW (RAOx)

**ORDER GRANTING MOTION TO DISMISS [18]**

## I.  INTRODUCTION

  Plaintiff California Brain Institute ("CBI") brings this action against Defendant United Healthcare Services, Inc. to obtain compensation CBI claims United improperly retained. (First Am. Compl. ("FAC") ¶¶ 5–6, ECF No. 13.) CBI asserts three common law causes of action "in its own individual capacity," and one cause of action for recovery of benefits under the Employee Retirement Income Securities Act of 1974 ("ERISA"), as its patient's assignee. (*Id.* ¶¶ 5–7.) United moves to dismiss CBI's common law causes of action as preempted and insufficiently pleaded. (Mot. ("Motion" or "Mot.") 1–2, ECF No. 18.) The Court finds CBI's common law causes of action as pleaded are preempted by ERISA and therefore **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

CBI provided medical services to Patient RH on multiple occasions.  (FAC ¶¶ 18–23.)  CBI submitted bills for these services to United, which administers RH's health care plan, and United processed the claims and made associated payments to CBI.  (*Id.*)  United later claimed it overpaid the last of these payments.  (*Id.* ¶ 27.)

Separately, CBI also provided medical services to Patient MV on three occasions.  (*Id.* ¶¶ 28–29, 32.)  These medical services are "Eligible Expenses" under MV's health plan, which qualifies as an employee benefit plan under ERISA ("ERISA Plan").  (*Id.* ¶ 10, 59–60.)  United also administers MV's ERISA Plan.[3]  (*See id.* ¶ 11.)  CBI obtained an assignment from MV granting CBI the right to step into the shoes of MV with respect to MV's rights under the ERISA Plan, including the right to seek compensation for medical services.  (*Id.*)

CBI submitted three claims to United for MV's medical services, billing $392,775.90, $487,928,70, and $139,432.80 respectively.  (*Id.* ¶¶ 28, 30, 32.)  United processed the first two claims, determined the total coverage amounted to $29,818.13, and obtained funds from MV's employer for the claims.  (*Id.* ¶¶ 28, 31.)  United then kept those funds and offset them against its mistaken overpayment for RH's separate and unrelated medical services.  (*Id.*)  With respect to CBI's third claim for MV's medical services, United refused to process it.  (*Id.* ¶ 33.)

According to MV's ERISA Plan, United is obligated to pay all "Eligible Expenses."  (*Id.* ¶ 58; Decl. Mabel S. Fairley ISO Mot. Ex. A ("MV's ERISA Plan") 21, ECF No. 18-2.)  CBI alleges that the medical services CBI provided to MV qualify as "Eligible Expenses" under MV's ERISA Plan, and therefore "[United] is obligated . . . to pay" CBI for MV's medical services.  (FAC ¶¶ 59–61.)

---

[2] All factual references derive from CBI's First Amended Complaint, attached exhibits, and documents referenced and relied upon therein, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[3] United administers both RH's and MV's ERISA Plans, but RH and MV are not insured by the same health plan.  (*Id.* ¶ 37; *see* Mot. 5 n.5.)

Based on the above allegations, CBI asserts four causes of action against United: (1) money had and received, (2) conversion, (3) constructive trust, and (4) recovery of benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (*Id.* ¶¶ 66–87.)   CBI brings the first three causes of action "in its own individual capacity" to recover the $29,818.13 United obtained from MV's employer and did not pay to CBI.  (*Id.* ¶¶ 5, 65.)  CBI brings the fourth cause of action in its capacity as MV's assignee to recover "appropriate payment for the medical services provided to Patient MV." (*Id.* ¶¶ 7, 65.)  CBI acknowledges that these recoveries overlap, and that if CBI recovers the $29,818.13, "then that would reduce the amount [CBI] should receive in payment under the terms of [MV's] ERISA Plan."  (*Id.* ¶ 65 n.4.)

United moves to dismiss CBI's three common law causes of action and certain damages, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), as conflict-preempted under ERISA § 514(a), 29 U.S.C. § 1144(a), and as insufficiently pleaded. (Mot. 1–2.)

### III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.   A court is generally limited to the

pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).   However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).   Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).   Thus, leave to amend "is properly denied . . . if amendment would be futile."  *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.     DISCUSSION

United argues that ERISA preempts CBI's common law claims for conversion, constructive trust, and money had and received, as well as Plaintiff's prayer for compensatory and punitive damages and restitution (collectively here, "CBI's claims").  (Mot. 1–2.)   As the Court finds CBI's claims are ERISA-preempted, it declines to reach United's additional argument, that CBI fails to sufficiently plead these claims and remedies.  (*See id.* at 2.)

ERISA's provisions "supersede any and all State laws insofar as they . . . relate to any employee benefit plan."   ERISA § 514(a), 29 U.S.C. § 1144(a).   "Congress used the words 'relate to' in § 514(a) in their broad sense."  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983).   So, "the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish [employee benefit] plan regulation as exclusively a federal concern.'"  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46 (1987) (quoting *Alessi v. Raybesor-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).

Pursuant to § 514(a)'s "relate to" clause, ERISA preempts state laws and common law causes of action in "two categories": those that have a "connection with" an ERISA-governed benefit plan, and those that have a "reference to" an ERISA-governed benefit plan. *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319–20 (2016) (state law); *Pilot Life*, 481 U.S. at 47 (common law causes of action).

"In determining whether a common law claim has 'reference to' an ERISA plan, 'the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival.'" *Oregon Teamster Emps. Tr. v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1156 (9th Cir. 2015) (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004)). Thus, "where 'the existence of [an ERISA] plan is a critical factor in establishing liability' under a state cause of action, the state law claim is preempted." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (quoting *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139–40 (1990)).

In evaluating whether a common law claim has a "connection with" an ERISA plan, the focus is on whether the claim involves "a central matter of plan administration" or "interferes with nationally uniform plan administration." *Gobeille*, 577 U.S. at 320. Courts should consider "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, and the nature of the effect of the state law on ERISA plans." *Id.* (citation and internal quotation marks omitted). Additionally, the Ninth Circuit uses a "relationship test" to identify an impermissible "connection with" an ERISA plan; this test focuses on whether the "claim bears on an ERISA-regulated relationship, *e.g.*, the relationship between plan and plan member, between plan and employer, between employer and employee." *Oregon Teamster*, 800 F.3d at 1156 (quoting *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009)).

ERISA preempts CBI's claims under either test.

**A.      Reference To**

Regarding "reference to," CBI's claims are premised on the existence of MV's ERISA Plan.  CBI seeks to recover compensation for medical services it provided to MV that CBI contends are covered as "Eligible Expenses" under MV's ERISA Plan. (FAC ¶¶ 59–60.)  Thus, without the ERISA Plan's coverage of "Eligible Expenses," CBI would have no basis to claim the funds it seeks from United, making the existence of the Plan essential to the survival of CBI's claims.  *See Wise*, 600 F.3d at 1190 (finding state law claims preempted where the complaint "necessarily reference[d] an ERISA plan" and the plaintiff had to "allege the existence of an ERISA plan to state her claims").

Further, United points to "Overpayment Recovery Provisions" in the ERISA Plans of both RH and MV that United claims permit it to do what CBI contends it cannot: offset overpayments to recover mistakenly expended Plan funds.  (*See* Mot. 4 (quoting MV's ERISA Plan 98–99).)  Whether United's assertion concerning the Overpayment Recovery Provisions ultimately succeeds is not relevant here; what matters is that the Court will have to interpret and analyze MV's Plan to determine United's liability for CBI's claims.  *See Oregon Teamster*, 800 F.3d at 1156 (holding state law claims preempted where "analysis of the terms of the ERISA plan" was required).

Accordingly, MV's ERISA Plan will necessarily play a "critical factor in establishing" United's liability for CBI's claims, which are therefore preempted under § 514(a)'s "reference to" test.  *Wise*, 600 F.3d at 1190; *see Cal. Div. Lab. Standards Enf't v. Dillingham Const.*, 519 U.S. 316, 324–25 (1997) (recognizing Supreme Court precedent, in *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990), which holds common law causes of action preempted when premised on the existence of an ERISA plan).

**B.    Connection With**

CBI's claims are also preempted under § 514(a)'s "connection with" test.  CBI's claims "involve[] a central matter of plan administration," *Gobeille*, 577 U.S. at 320, specifically here, claims processing.  CBI attempts to separate the payment of funds to CBI from United's processing of the claim, but the Court is not persuaded these are so easily divided.  By what means an ERISA Plan administrator determines whether a claim is covered and to what extent is closely intertwined with how benefits are paid for that claim.  *See Egelhoff v. Egelhoff*, 532 U.S. 141, 150 (2001) (finding state law preempted under § 514(a)'s "connection with" test because it "directly conflict[ed] with ERISA's requirements that plans be administered, *and benefits be paid*, in accordance with plan documents" (emphasis added)).

Further, CBI's claims conflict with ERISA's objectives of "avoid[ing] a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans."  *Paulsen*, 559 F.3d at 1082.  Conflict preemption prevents CBI from circumventing ERISA's comprehensive statutory scheme by raising common law claims as "an alternative enforcement mechanism for securing benefits" due under an ERISA plan.  *C.f. Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1054 (9th Cir 1999) (finding state law not preempted because it did "not create an alternative enforcement mechanism for securing benefits under the terms of ERISA-covered plans").

**C.    *DB Healthcare***

CBI argues the "Ninth Circuit unequivocally holds that claims for unlawful recoupments are not connected with or preempted by 'a suit to recover benefits under the ERISA plan[].'"  (Opp'n 4, 8 (emphasis omitted).)  CBI relies extensively on *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 877 (9th Cir. 2017), for this argument.  However, the decision in *DB Healthcare* does not support so broad a holding.  Rather, *DB Healthcare* concerned medical providers seeking to recover withheld payments pursuant to *provider agreements*, separate and

apart from ERISA plans.  852 F.3d at 872.  The providers brought claims to recover benefits pursuant to ERISA's civil enforcement provision, ERISA § 502(a), 29 U.S.C. § 1132(a).  *Id.* at 872–73.  However, the court found that, because "the dispute over recoupment depend[ed] on the terms of the provider agreements," the providers' "claim regarding recoupments [wa]s not a suit to recover benefits under the ERISA plans."  *Id.* at 877–78 (internal quotation marks omitted).  With this more complete context, it becomes clear that the decision in *DB Healthcare* concerned "state law claims for breach of the provider agreements," which had an "independent legal basis" from ERISA, and were therefore not preempted.  *Id.* at 878.[4]

In contrast here, although CBI purports to brings its claims in its own independent capacity, CBI does not allege any independent legal basis for its claims. (*See generally* FAC.)  Unlike the providers in *DB Healthcare*, CBI explicitly alleges it has no separate contract with United.  (*Id.* ¶ 38.)  And CBI fails to allege any facts to support a plausible inference that United represented to CBI the existence of certain coverage or compensation terms.  (*See generally id.*)  Thus, as pleaded, CBI's First Amended Complaint does not support any independent legal basis from ERISA for CBI's claims.

In sum, CBI's claims are essentially claims for wrongfully withheld benefits. "Masking the claim[s] under state law cannot save [them]."  *See Delgado v. ILWU-PMA Welfare Plan*, No. 2:18-cv-05539 CBM, 2018 WL 8014336, at *3 (C.D. Cal. Nov. 20, 2018) (dismissing as § 514(a)-preempted claim for breach of implied contract that was premised on ERISA plan).  CBI's claims are therefore conflict-preempted under ERISA § 514(a).  Accordingly, the Court grants United's motion to dismiss.

---

[4] Another significant distinction is that *DB Healthcare* concerned complete preemption under ERISA § 502(a), rather than conflict preemption under ERISA § 514(a).  The two types of ERISA preemption are not interchangeable.  *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–46 (9th Cir. 2009) (clarifying the difference between the two kinds of ERISA preemption).

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** United's Motion to Dismiss, with leave to amend.  (ECF No. 18.)  Within twenty-one days, CBI shall either file a Second Amended Complaint or a notice that CBI intends to proceed on what remains of the First Amended Complaint, i.e., the fourth cause of action for recovery of benefits under ERISA § 502(a).

**IT IS SO ORDERED.**

May 15, 2024

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**