O

# United States District Court
# Central District of California

| CALIFORNIA BRAIN INSTITUTE, | Case № 2:23-cv-06071-ODW (RAOx) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS [27]** |
| UNITED HEALTHCARE SERVICES, INC. et al., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff California Brain Institute ("CBI") brings this action against Defendant United Healthcare Services, Inc. ("United") for improperly withholding payment for medical services CBI provided. (Second Am. Compl. ("SAC"), ECF No. 24.) CBI brings three state law claims in its individual capacity and one federal law claim as its patient's assignee pursuant to the Employee Retirement Income Securities Act of 1974 ("ERISA"). United moves to dismiss CBI's state law claims. (Mot. Dismiss ("Mot." or "Motion"), ECF No. 27.) For the reasons discussed below, the Court finds ERISA's statutory scheme preempts CBI's state law claims and therefore **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

All factual references derive from CBI's Second Amended Complaint, attached exhibits, and documents referenced and relied upon therein, and well-pleaded factual allegations are accepted as true for purposes of this Motion.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### A. Factual Background

This case concerns compensation for medical services that CBI provided to two separate patients: "RH" and "MV." (*See* SAC ¶ 8.) United manages the health plans of both patients.[3] CBI provided medical services to RH on multiple occasions. (*Id.* ¶¶ 18–27.) CBI submitted bills for these services to United and United processed the claims and made associated payments to CBI. (*Id.*) United later claimed it overpaid the last of these payments. (*Id.* ¶¶ 30–31.)

CBI also provided medical services to MV on three occasions. (*Id.* ¶¶ 32, 37, 43.) These medical services are "Eligible Expenses" under MV's health plan, which qualifies as an employee benefit plan under ERISA ("ERISA Plan"). (*Id.* ¶¶ 10, 60–62.) CBI obtained an assignment from MV granting CBI the right to step into the shoes of MV with respect to MV's rights under the ERISA Plan, including the right to seek compensation for medical services. (*Id.* ¶ 53.) CBI submitted three claims to United for MV's medical services, billing $392,775.90, $487,928,70, and $139,432.80 respectively. (*Id.* ¶¶ 34, 39, 47.)

United processed CBI's first two claims for MV's coverage, determined the total coverage amounted to $29,818.13, and obtained funds from MV's employer for the claims. (*Id.* ¶¶ 34–41.) Instead of paying CBI, United then kept those funds and offset them against its alleged overpayment for RH's separate and unrelated medical

---

[2] The facts upon which CBI bases its allegations remain largely unchanged from the First Amended Complaint. Accordingly, the Court incorporates much of the factual background provided in its previous order dismissing that complaint. (*See* Order Granting First MTD 2–3, ECF No. 23.)

[3] RH and MV are not insured by the same health plan. (*See* SAC ¶¶ 9, 26, 32; *see also* Order Granting First MTD 2 n.3.)

services. (*Id.*) United refused to process CBI's third claim for MV's medical services. (*Id.* ¶¶ 47–50.) CBI asserts that United acted improperly when it withheld monies paid by MV's employer for CBI's services under the ERISA Plan, and kept the funds to offset United's alleged overpayment for patient RH. (*Id.* ¶ 42.)

B.   **Procedural Background**

Based on the above facts, CBI initiated this legal action to obtain payment it believes United improperly retained. (*See generally* SAC.) United previously moved to dismiss CBI's three common law causes of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), as conflict-preempted under ERISA § 514(a), 29 U.S.C. § 1144(a), and as insufficiently pleaded. (First MTD 1–2, ECF No. 18.) The Court granted the motion and dismissed the state law claims as preempted. (*See* Order Granting First MTD 4–7.)

In analyzing CBI's opposition to United's first motion, the Court noted CBI's reliance on *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868 (9th Cir. 2017). In that case, the Ninth Circuit held that a plaintiff's "state law claims for breach of . . . agreements" would not be preempted if they "have an independent legal basis from ERISA." (*See* Order Granting First MTD 7–8 (quoting *DB Healthcare*, 852 F.3d at 878).) However, in this case, the Court found that "CBI fail[ed] to allege any facts to support . . . any independent legal basis" from ERISA for CBI's claims. (*Id.* at 8.) Accordingly, the Court granted United's motion with leave to amend. (*Id.*)

On amendment, CBI now asserts the same four causes of action against United as in the previous pleading: (1) money had and received, (2) conversion, (3) constructive trust, and (4) recovery of benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (SAC ¶¶ 69–91.) As before, CBI brings the first three causes of action "in its own individual capacity" to recover the $29,818.13 United obtained from MV's employer and did not pay to CBI. (*Id.* ¶¶ 5, 6, 67.) CBI brings the fourth cause of action in its capacity as MV's assignee to recover "appropriate

payment for the medical services provided to Patient MV." (*Id.* ¶¶ 7, 68.) CBI acknowledges that these recoveries overlap, and that if CBI recovers the $29,818.13, then that reduces the amount CBI could receive in payment under the terms of MV's ERISA Plan. (*See id.* ¶ 68 n.4.)

United now again moves to dismiss CBI's first three causes of action as preempted and insufficiently pleaded pursuant to Rule 12(b)(6). (Mot. 7–8.) The Motion is fully briefed. (Opp'n, ECF No. 29; Reply, ECF No. 30.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.

*See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

United argues that ERISA preempts CBI's common law claims for conversion, constructive trust, and money had and received, as well as CBI's prayer for compensatory and punitive damages, and restitution (collectively here, "CBI's claims"). (Mot. 7–8.) As the Court again finds CBI's claims are ERISA-preempted, it declines to reach United's additional argument that CBI fails to sufficiently plead these claims and remedies. (*See id.* at 8.)

### A. ERISA Preemption

ERISA's provisions "supersede any and all State laws insofar as they . . . relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a); (*see generally* Order Granting First MTD). Pursuant to § 514(a)'s "relate to" clause, ERISA preempts state laws and common law causes of action in "two categories": those that have a "connection with" an ERISA-governed benefit plan, and those that have a "reference to" an ERISA-governed benefit plan. *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319–20 (2016) (state law); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (common law causes of action). A state law claim has a "reference to" an ERISA plan where the claim is premised on the ERISA plan and cannot survive without the plan's existence. *See Oregon Teamster Emps. Tr. v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1156 (9th Cir. 2015) (citing *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004)). A state law claim has a "connection with" an ERISA plan where the claim involves "a central matter of plan

5

administration" or "interferes with nationally uniform plan administration."[4] *Gobeille*, 577 U.S. at 320.

In evaluating CBI's First Amended Complaint, the Court previously found that ERISA preempts CBI's claims under either test. As CBI has not materially altered its claims or allegations in the Second Amended Complaint, the logic employed in the Court's previous order stands. Specifically, regarding the "reference to" test, CBI's claims are premised on the existence of MV's ERISA Plan because CBI seeks to recover for medical services it contends are "Eligible Expenses" under MV's ERISA Plan. (*See* SAC ¶¶ 61–62; Order Granting First MTD 6.) Regarding the "connection with" test, CBI's claims involve a central matter of plan administration because payment (or nonpayment) of benefits is a core aspect of administering MV's ERISA Plan. (*See* Order Granting First MTD 7.) The Court also reiterates that Congress intentionally drafted ERISA to include an expansive preemption clause to preclude would-be litigants from using common law as CBI attempts to here: as "an alternative enforcement mechanism for securing benefits." (*Id.* (quoting *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1054 (9th Cir 1999)).)

To summarize, CBI's core grievance is that United is refusing to pay CBI the monies it owes for MV's procedures, and that this is unfair because the terms of MV's ERISA Plan entitles CBI to those payments. (*See generally* SAC.) CBI's attempts to characterize the payments United received from MV's employer as somehow unrelated to MV's ERISA Plan are unavailing. The ERISA claim remains the crux of the complaint; the state law claims do not survive without the existence of the ERISA Plan. Therefore, the Court again dismisses the state law claims.

---

[4] Additionally, the Ninth Circuit uses a "relationship test" to identify an impermissible "connection with" an ERISA plan; this test focuses on whether the "claim bears on an ERISA-regulated relationship, *e.g.*, the relationship between plan and plan member, between plan and employer, between employer and employee." *Oregon Teamster*, 800 F.3d at 1156 (quoting *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1082 (9th Cir. 2009)).

### B.     *Bristol*

The Court previously granted CBI leave to amend its First Amended Complaint because, until recently, it had been an open legal question whether pre-service confirmation of coverage could give rise to an independent claim.  (*See* Order Granting First MTD 8–9.)  Two days after CBI filed its Second Amended Complaint, the Ninth Circuit issued its holding in *Bristol SL Holdings, Inc. v. Cigna Health and Life Insurance Company*, in which the court clarified what a plaintiff needs to show to allege an "independent" state law claim that is not preempted by ERISA.  103 F.4th 597 (9th Cir. 2024).

In *Bristol*, a medical services provider brought state law claims against an insurance company to recover compensation for services rendered.  *Id.* at 599.  The provider argued that phone calls to the insurance company verifying patients' coverage created independent contractual obligations between the insurance company and the provider.  *Id.*  The provider further argued that because these contracts arose from common law, they stood separate and apart from ERISA's statutory scheme and could not be preempted.  *Id.* at 601–07.

The Ninth Circuit rejected this argument.  *Id.* at 607.  Ruling in favor of the insurance company, the Ninth Circuit explained that "'independent state law claims' means claims '*independent*' *of an ERISA plan*, not claims arising from an 'independent' source of law."  *Id.* at 606 (emphasis added).  Regardless of the claims' basis in contract law, the provider's claims were still tied to the patients' ERISA plans because the provider sought to recover plan benefits.  *Id.* at 603 ("By attempting to secure plan-covered payments discussed via phone through the alternative means of state contract law, Bristol is seeking to obtain through a state contract remedy that which it could not obtain through ERISA. This effort triggers preemption . . . . Bristol's state law claims also rely on the substance of the ERISA plans to calculate damages." (cleaned up)).

Here, in the Second Amended Complaint, CBI attempts to establish the independence of its state law claims, arguing: (1) United received money from MV's employer intended for CBI, leading to a claim for money had and received, (SAC ¶¶ 69–74); (2) United earmarked funds from MV's employer to pay for medical services provided to MV and converted those funds for its own use, leading to a claim for conversion, (*id.* ¶¶ 75–81); and (3) United wrongfully obtained money from MV's employer, because United was in reality holding the money in trust on behalf of CBI, leading to a claim for constructive trust, (*id.* ¶¶ 82–86).

CBI's state law claims suffer from the same defects the Ninth Circuit identified in *Bristol*. Although CBI attempts to disconnect the payment MV's employer made to United from the administration of MV's ERISA Plan, the payment and the Plan are inextricably connected. (*See also* Order Granting First MTD 7 ("CBI attempts to separate the payment of funds to CBI from United's processing of the claim, but the Court is not persuaded these are so easily divided.").) The fact remains that if MV's employer was not obligated to pay for the medical services under MV's ERISA Plan, United would have never received the money that CBI claims it improperly retained. Further, like the plaintiff in *Bristol*, CBI attempts to utilize ERISA to calculate damages while in the same breath claiming the statute does not apply to the state law claims at all. (*See* SAC ¶ 81.) CBI also tacitly concedes the state law claims overlap with the ERISA claim by acknowledging that it is pleading an overlapping theory of recovery (meaning that recovery under one or more of the state law claims reduces the amount recovered under the ERISA claim and vice versa). (*See id.* ¶ 68 n.4.)

Therefore, CBI cannot present a basis for its state law claims that is independent from MV's ERISA Plan—the claims are inseparable from the ERISA Plan. Given the inescapable connection to MV's ERISA Plan, any further amendment to CBI's state law claims would be futile.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** United's Motion to Dismiss CBI's common law claims, without leave to amend. (ECF No. 27.) The case may proceed as to the ERISA claim. United has fourteen days from the date of this Order to answer CBI's complaint with respect to the remaining ERISA claim. The Court will set the case schedule in accordance with this disposition and the parties' Rule 26(f) Report.

**IT IS SO ORDERED.**

September 30, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**